UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ZACHARY HUTH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.: 2:10-CV-405 RM-APR |
| | ) | |
| NILES BUILDING PRODUCTS COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

This matter comes before the court on Niles Building Products' motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Zachary Huth claims that when Niles Building Products hired him in 2008, he was promised employment, wages, and benefits through 2011. Mr. Huth says this promise was oral and then reduced to writing in two letters dated October 22, 2010. He claims he was terminated without just cause on August 1, 2010, before the alleged contract period expired.

Mr. Huth filed a complaint in state court, and Niles Building Products removed the case to federal court. The complaint claims breach of contract via termination without just cause and nonpayment of wages and benefits. The complaint further claims failure to pay Mr. Huth biweekly wages, as required by INDIANA CODE § 22-2-5-0.5 *et seq.*, and promissory estoppel.

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To do this, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. at 1949. Plausibility is not as high a standard as probability, but it does require more than a mere possibility that the defendant acted unlawfully. *See* id.

The bottom line on a motion to dismiss is that the motion is meant "to test the sufficiency of the pleading, not to decide the merits of the case." Gray v. United States Steel Corp., No. 2:09-CV-327, 2010 WL 1644488, at *1 (N.D.Ind. Apr. 21, 2010) (*citing* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)). Thus, the court accepts Mr. Huth's pleaded facts as true and the court's decision today doesn't hint at whether Mr. Huth's case in fact has merit—today's decision only indicates whether his complaint states a plausible claim on which relief can be granted.

The claims that are the subject of this motion to dismiss are bare-bones, but they state a claim upon which relief can be granted. Mr. Huth says he was promised a job with pay and benefits for a term, rather than a job in which he would be employed at will. Mr. Huth says his employment ended without just

cause before that term was up and that he hasn't been given the pay and benefits owed to him. His allegations, accepted as true here, amply support his claims for breach of contract, failure to pay wages under INDIANA CODE § 22-2-5-0.5 *et seq.*, and promissory estoppel.

This isn't a situation where the complaint states claims not recognized by the law, such as discrimination on the basis of hair style in violation of Title VII. Nor is this a situation where the complaint states claims prevented by the law, such as a case of immunity. Nor is this a situation where the complaint leaves the court and the defendant scratching their heads over what's been claimed: the claims here are clear enough and understandable enough. It's plausible that Mr. Huth entered into a contract for a term of employment and that Niles Building Products breached that contract, notwithstanding Indiana's presumption of employment at will.

Whether Mr. Huth's claims have merit must be decided another day, under a procedural posture in which consideration of the merits is properly before the court. For example, the court doesn't review here the contents of the contract between the parties, because such a review would go to the merits of the claims, and a motion to dismiss isn't the time to consider those merits.

For the reasons stated the motion to dismiss is DENIED [Doc. No. 9].

SO ORDERED.

ENTERED: January 11, 2011

                                        /s/ Robert L. Miller, Jr.

Judge
United States District Court